# Exhibit L-1

## U.S. v. Romero-Romero

## CR 07-0711 MMC

## Transcription of Immigration Hearing of Oscar Ernesto-Romero-Romero, Jr.
## September 2, 2003

IJ:   Immigration Judge
OR:   Oscar Ernesto Romero-Romero, Jr.
GA:   Government Attorney


IJ:   [UI] removal hearing in San Pedro, California on September 2, 2003 in the matter of Oscar Ernesto Romero-Romero, 41715825. On behalf of the respondent is no one. On behalf of the government is Mr. [UI]. The respondent is present. Good Morning, sir. What language do you speak and understand best?

OR:   English will be fine, Your Honor.

IJ:   Please stand, raise your right hand and take an oath. Do you solomnly swear to tell the truth, the whole truth and nothing but the truth, so help you God?

OR:   Yes, ma'am.

IJ:   Thank you please be seated. What is your true and complete name?

OR:   Oscar Ernesto Romero-Romero, Jr.

IJ:   The Notice to Appear will be amended to add the respondent's "junior." This is a removal hearing and I must determine whether or not you should be removed from the United States. Do you understand what this hearing is about?

OR:   Yes, ma'am.

IJ:   In this hearing you have the right to have an attorney represent you. The attorney has to be of your choice and at your expense because the government will not provide a lawyer for you, however, it may be possible for you to get a free lawyer and the officer is handing you a list of attorneys who may be able to take your case for little or no cost, as well as a form [UI] 41 which explains your right to appeal in these proceedings. It is not required that you obtain a lawyer, you may represent yourself. Do you understand what I have said about your right to a lawyer?

OR:   Yes, ma'am.

IJ:   Do you want time to get a lawyer to help you?

OR:   No, ma'am.

IJ: You wish to speak for yourself?

OR: Yes, ma'am

IJ: In this hearing you have the right to look at evidence presented against you and tell me if you object to that evidence. You also have the right to present evidence to me which includes making statements to me. If the government presents a witness against you, you have the right to question that witness. Do you understand these rights?

OR: Yes, ma'am.

IJ: How old are you?

OR: 23.

IJ: I have a paper written in your name called a Notice to Appear, dated July 14, 2003. I'm going to show you the document and ask you, did you receive a copy from the government?

OR: Yes, ma'am.

IJ: It will be marked into the record as Exhibit 1. This paper contains the charges against you, and we'll go over the charges with you and I want you to tell me if they are true or false. Who's present in the courtroom with you today?

OR: Sandra Romero, my older sister.

IJ: Before we do the uh removal hearing, are you requesting a bond hearing?

OR: Yes, ma'am.

IJ: Off the record while we do the bond hearing.

IJ: Back on the record. While off the record we did the bond hearing. Umm. I'm going to go over the charges with you. I want you to tell me if they are true or false. Do you understand?

IJ: Sir?

OR: Umm, true or false in what way. Whether or not I was convicted of it?

IJ: I'm going to go over the charges that Immigration has brought against you.

OR: Oh ok.

IJ: I want you to tell me if they are true or false.

OR: Ok.

IJ: Do you understand?

OR: Ok, ok, Yes, ma'am.

IJ: Number one, are you a citizen or national of the United States?

OR: No.

IJ: Number two, you are a native and citizen of El Salvador.

OR: Yes, ma'am.

IJ: Number three, you were admitted to the United States in Los Angeles, California, on March 30, 1989 as a Lawful Permanent Resident.

OR: Yes.

IJ: Number four, you were convicted on March 6, 2002 in the California Superior Court, San Bernardino County for the offense of oral copulation of a person under the age of 18.

OR: Yes.

IJ: Does the government have the conviction records?

GA: I do, but first let me offer you a copy of the [UI] face sheet. And then here's a certified copy of the conviction record, a copy of which was previously [UI] respondent.

IJ: And umm, on what basis did he immigrate Mr. [UI]

GA: He uhh, it looks like the mother of the respondent was the immigrated as the child of a United States Citizen and uhh the respondent and his family uh, I mean followed to join.

IJ: Sir is uh, does this immigrant visa relate to you?

OR: Yes, ma'am.

IJ: Is that your photograph?

OR: Yes, ma'am.

IJ: Is it alright with you if I make it part of the record in your case as exhibit 2?

OR: Yes, ma'am.

GA: Judge, I have information to the effect now that the father was deported from the United States in 1992.

IJ: Is that right sir?

OR: To the best of my knowledge, Yes, ma'am.

IJ: And the government has handed you and I conviction records which reflect that you were convicted of oral copulation of a person under the age of 18, and unlawful sexual intercourse with a minor. You were convicted based upon your plea, sentenced to two years for the oral copulation and two years for the unlawful sexual intercourse. The umm, unlawful sexual intercourse two years was to run concurrent with the oral copulation for a total sentence of two years. Do these documents relate to you sir?

OR: Yes, ma'am.

IJ: Is it alright with you if I make these documents part of the record in your case as evidence of your conviction?

OR: Yes, ma'am.

IJ: It will be marked into the record as exhibit 3. Did you say that your sister is present in the courtroom?

OR: Yes, ma'am.

IJ: The government charges you with being removable from the United States because you've been convicted of an aggravated felony, that is sexual abuse of a minor. Do you understand this charge against you?

OR: Yes, ma'am.

IJ: Do you agree you could be removed for this reason?

OR: Your Honor, I don't, I don't agree with it.

IJ: Why do you think you can't be removed for having been convicted of an aggravated

felony?

OR: This uhh . . . extenuating circumstances relating to the particular case.

IJ: Well umm, I don't have any authority to retry you sir. Once you're convicted of an offense I am bound to accept the finding of guilt. So this conviction qualifies as sexual abuse of a minor which is an aggravated felony. Do you have any other reason to think that you shouldn't be removed for this reason?

OR: Umm, [*whistles*] any other reason, why this

IJ: Besides extenuating circumstances.

OR: Umm, any reasons why this felony in my belief is not reason for me to be deported or removed?

IJ: Well the government wants to remove you because your conviction for oral copulation of a person under the age of 18 constitutes an aggravated felony because it's sexual abuse of a minor.

OR: Right.

IJ: So do you have any reasons to state why you think you shouldn't be removed as a result of that conviction?

OR: Yes, ma'am. For many reasons. I'm not prepared at this moment to dis... you know, I'm not an attorney, and I'm not familiar with the laws and procedures of immigration and at this moment I'm not prepared to you know, provide the government with various reasons why I should, you know, a simple mistake, a very serious mistake, like this should be cause for my removal.

IJ: Well that's what the law says, sir. The law only requires one serious mistake to be subject to removal, and there's nothing I can do about that. I can't rewrite the law and neither can you. So I find that you are removable as charged. Do you understand?

OR: Yes, ma'am.

IJ: Do you wish to chose the country to which you will be removed?

OR: Chose the country to which I will be removed?

IJ: Yes.

Page 5 of 14

OR: Umm . . . [*laughs*] umm no not really.

IJ: I will show that you decline to designate a country of removal and I will direct El Salvador. Are you married?

OR: No, ma'am

IJ: Do you have children?

OR: No, ma'am.

IJ: Where is your mother?

OR: Uhh, living in Fontana, California.

IJ: And what's her immigration status?

OR: She's a U.S. citizen.

IJ: And she naturalized?

OR: Yes, ma'am.

IJ: When did she naturalize?

OR: 1996.

IJ: And you were born May 11, 1980?

OR: Yes, ma'am.

IJ: And your mother's married to your father Oscar?

OR: Yes, ma'am.

IJ: What's his immigration status?

OR: Umm, he was dep . . . umm, he was a legal permanent resident but was deported.

IJ: In 1992?

OR: Yes, ma'am.

IJ: And he's back in the United States?

OR: No, ma'am. I don't know.

IJ: I'm sorry?

OR: Umm, I don't know.

IJ: Is your mother still married to him?

OR: Yes.

IJ: I can't hear you.

OR: Yes, ma'am.

IJ: How long were you incarcerated for the oral copulation and unlawful sexual intercourse with a minor?

OR: 6 months.

IJ: When were you released?

OR: June 28, 2002.

IJ: And didn't you go back into custody for that offense?

OR: Not for that offense, I was uhh, remanded to custody for probation violation.

IJ: On the oral copulation, right?

OR: Yes, I was on probation for oral copulation.

IJ: Ok and then how long were you incarcerated after the probation violation?

OR: Uhh, I served, uhh, another 10 months, 9 months and days.

IJ: When were released from prison for that?

OR: Umm, August 11 ...

IJ: Of what year?

OR: 2003.

IJ: And how did you violate probation?

OR: Umm, uhh, I didn't have enough signatures on my uhh narcotics anonymous and I had failed to enroll in the sexual, sex offender program.

IJ: Have you been convicted of any other crimes?

OR: Yes, ma'am.

IJ: What else have you been convicted of?

OR: Umm, misdemeanors.

IJ: What were they?

OR: Misdemeanor possession of a controlled substance.

IJ: What was the controlled substance.

OR: Uhh, powder cocaine

IJ: I'm sorry?

OR: Powder cocaine

GA: Its 11350 Judge. It was probably cocaine with 11350, and that's a felony.

IJ: When was this, sir?

GA: Its was uhh, its was uh June 25, 2002.

IJ: Is that right?

OR: Ma'am uhh, that conviction became a felony when uhh, I was convicted of this other conviction right here, this felony, the aggravated felony, in San Bernardino.

IJ: Ok, so you

OR: I was on the...

IJ: So you were convicted of possession of cocaine in June of 2002?

Page 8 of 14

OR: No, that conviction became a felony because I was on probation.

IJ: In June of 2002?

OR: Yes.

IJ: And how long were you in jail for that, or what was your sentence? It was probably concurrent to this.

OR: Right.

IJ: What was the sentence?

OR: Uhh, 6 months.

IJ: And it became a felony right?

OR: Right.

IJ: Any other convictions?

OR: Umm,

GA: There's a battery conviction in July 19, 1999.

IJ: Is that right, sir?

OR: That's a misdemeanor.

IJ: You have a battery conviction in 1999?

OR: Yes, ma'am

IJ: Who was the victim?

OR: Your Honor, that was mutual combat.

IJ: Who was the victim of the mutual combat?

OR: Umm, it was just somebody my age, some other...

IJ: A guy or a girl?

OR: Guy.

IJ: And what was your sentence?

OR: Uhh, time served, I think

IJ: Which was what?

OR: A day or 2.

IJ: Any other convictions?

OR: I don't know, anymore?

IJ: Ok, you can't recollect you're relying on the government's records?

OR: Yes, ma'am

GA: Ok well he got 30 days the first time, but it looks like it was suspended. Then he went back for a probation violation on that battery conviction November 1, 1999, and got 45 days in jail.

IJ: Is that right, sir?

OR: When, what date was that? November 1st? 99?

GA: November 1st, 1999.

OR: Yes I do recall serving time then. County time.

GA: You did 45 days

OR: Yeah, I did 20 days

GA: Or that's what he got 45 days, I don't know how much you actually served.

OR: Right

GA: And then on September 22, 1999 is when he was arrested for the 11350 but that didn't become a conviction till June 25, 2002. So he must of had Prop. 36 or something like that.

OR: That's what it was, your honor.

GA: [UI]

OR: PC 1000, where I was uninformed of the consequences of not completing the program and probation.

IJ: You should have done it.

OR: Well I was, two years on probation.

IJ: Certainly enough time to comply.

OR: Yes, ma'am well I was about to finish a program and uhh . . .

IJ: Any other convictions [UI]?

GA: Uhh, that's uhh, let's see there was a umm, not as an adult, Judge, it looks like uhh,

IJ: You have juvenile records?

OR: No.

GA: Hold on, uhh, wait a second ... umm ... petition request is in 1999 for receiving stolen property, possession of a weapon, not a firearm. Failure to appear for a misdemenaor charge, doesn't look like any of these ever, ever became convictions. He had some contact with the police, but uhh, 1 juvenile and 2 [UI].

IJ: Now is the government going to get the cocaine conviction records too?

GA: If the case progresses beyond today, we'll order them [UI].

IJ: Right.

GA: Its uhh, Los Angeles case, [UI].

IJ: Have you ever been in removal or deportation proceedings before?

OR: No, ma'am.

IJ: Has immigration ever sent you out of the country before?

OR: No.

IJ: Have you ever been deported?

OR: No You Honor.

IJ: Are you afraid of being persecuted or tortured in El Salvador?

OR: Yes Your Honor.

IJ: When is the last time you were in El Salvador?

OR: Uhh, 1997

IJ; And how long were you there?

OR: Uhh, a month.

IJ; And why did you go there in 1997?

OR: Uhh, an uncle's funeral.

IJ: Have you been to El Salvador at any other time?

OR: Yes.

IJ: When?

OR: Prior to that, sometime, 90, 92, I don't know I'd have to check my records.

IJ: 92 you said?

OR: Not sure.

IJ: How old were you?

OR: Around that age.

IJ: So, about 1992.

OR: Early 90's.

IJ: Ok. And how long were you there in the early 90's?

OR: Umm, I don't recall.

IJ: Approximately?

OR: Months.

IJ: How many months?

OR: 2 or 3.

IJ: And why were you there for 2 or 3 months.

OR: Uhh, vacation time.

IJ: Any other trips to El Salvador?

OR: No.

IJ: Have you ever been incarcerated in El Salvador?

OR: No.

GA: Uhh, Judge what was the time for the funeral? Year of the funeral?

OR: 97.

GA: 1997.

IJ: Right.

GA: Ok. [*Mumbles*]

IJ: Alright we'll hand you the application that you have to fill out for withholding of removal and protection from the torture convention. The burden of proof is on you to show why you fear that your life or freedom would be in danger in El Salvador on account of race, religion, nationality, membership in a particular social group or political opinion. The burden of proof is also on you to show why your aggravated felony conviction should not be considered a particularly serious crime. So anything that you wish to present to show why that crime should not be considered particularly serious, you need to present. Do you understand, sir?

OR: Yes, Your Honor.

IJ: Now, uhh, who was the victim of that offense?

OR: Uhh, Your Honor that was a, umm, uhh, platonic relationship. Just friendship, and it ended up in an arrest.

IJ: Alright Mr. Benay are you going to get more complete conviction records?

GA: Judge, I'm gonna, I'll order the probation officer's report [UI] in San Bernardino, they sealed these records and it may not be possible to get them.

IJ: Right.

GA: But I'll do, I'll make my best effort to.

IJ: And you'll get the cocaine documents?

GA: And I'll get the cocaine documents.

IJ: Alright now, sir, the burden of proof is also on you to show that umm, it is more likely than not that you would be subjected to torture by the government in El Salvador or with the acquiescence of the government of El Salvador. Do you understand?

OR: Yes.

IJ: So if you have any documents that you think will help you prove why you fear persecution or torture you may present them with 3 copies. After you complete the application you must make 3 copies. Do you understand?

OR: Yes, Your Honor.

IJ: Now Mr. Benay, how much time does the government need to obtain the conviction records?

GA: Umm, Judge I'll order them today, uhh, just, if you just give him a reset of a couple weeks maybe to do his I589, I'll see how we stand.

IJ: Alright September 16th, at 8:00 is when you need to come back with your application completed and 3 copies, do you understand?

OR: Yes, Your Honor.

IJ: Hearing is adjourned.