# Exhibit L-2

## U.S. v. Romero-Romero

## CR 07-0711 MMC

# Transcription of Immigration Hearing of Oscar Ernesto-Romero-Romero, Jr. September 16, 2003

IJ: Immigration Judge
OR: Oscar Ernesto Romero-Romero, Jr.
GA: Government Attorney
TM: Timothy Meyers

IJ: This is Immigration Judge Rose Peters conducting a removal hearing in San Pedro, California, on September 16, 2003, in the matter of Oscar Ernesto Romero, Jr., Romero-Romero, Jr. 41715825. On behalf of the respondent, no one, on behalf the government is..

TM: Your Honor, Timothy Myers, oh . . .

IJ: On behalf of the respondent, state your name counsel.

TM: Thank you, Timothy Myers, of the Law Offices of Earl Carter.

IJ: On behalf of the government?

GA: Richard Benay

IJ: The respondent is present. Good morning Sir. What is your true and complete name?

OR: Oscar Ernesto Romero-Romero, Jr.

IJ: Alright this matter is scheduled for today for filing the application for withholding an torture, and the government was going to obtain conviction documents for a cocaine conviction as well as more complete conviction documents for exhibit 3.

GA: Uhh, Judge, I've only been partially successful. Here are the probation officer's reports and the supplemental probation officer's reports for the 288, but I haven't yet received the conviction documents for the 11350. Uhh, I will have to order them again, I, Its frustrating.

IJ: Any objection counsel?

TM: Uh, Your Honor, I haven't had an opportunity to review them, but at this point I don't see any objection. If I might, what we're looking at doing is filing an N-600. He was 15 years old when his mother became a US citizen. His father had been removed prior to that and mother had sole custody of him. He was an LPR at the time. So we're going to submit it to the service and try to get that adjudicated, and then see where that goes as

|     |     |
| --- | --- |
| | well. |
| IJ: | Well was the, were the parents divorced? |
| TM: | Uh, they were separated, I don't know the status of their marriage, if they were legally separated, or what have you. That's what we are trying to determine at this time. He was out of the country, he wasn't here with the family at all. That would be the only issue, that we have to... |
| IJ: | Well that's a major issue |
| TM: | I agree, Your Honor |
| IJ: | We [UI] explored this already with the respondent and it was his understanding there was no legal separation so, without legal custody of the respondent, even though there's an informal separation, that's not going to do the trick. |
| TM: | I understand, that's what we want to at least investigate. I mean, its, arguably his uhh, his best opportunity at this point. We'd at least like to be able to explore that. |
| IJ: | Alright, well you can present whatever applications to immigration that you want, uhh, I can't adjudicate an N-600, |
| TM: | I understand. |
| IJ: | They have to do it. You can present your evidence here as well because that will affect whether or not we can proceed but without proof of legal separation, umm, you're going to be in a bind. |
| TM: | I understand. Now as far as his application for withholding an asylum, his 589, uh, I understand that he's done it by hand, I would like an opportunity to review it with him and to prepare it and have him sign it, so if we can put that over for submission, so that we would have an opportunity to go over it and review it with him. |
| IJ: | Alright the probation officer's report and the supplemental report will be marked into the record as part of exhibit 3. Counsel if you have any objections you can indicate at the next hearing. |
| TM: | Thank you, Your Honor. |
| IJ: | And Mr. Benay, any objection to giving counsel additional time to prepare the withholding? |

GA: No, that's fine because I need to reorder those 11350 docs, I can't seem to, can't seem to produce them.

[UI]

IJ: How much time are you requesting counsel?

TM: Your Honor, perhaps thirty days.

GA: No, that's too much, three weeks [UI]?

TM: Well let's go two weeks. Also, I mean, we've got this N-600 we'd at least like to submit and see where they are going to go with it and have our evidence at least looked at so that I can talk to mom, go through and see if there's any type of formal separation filed or, so I don't know if two weeks is enough to even...

GA: No, I said, I can go three weeks, I can't go four weeks.

TM: Alright, well let's take three weeks then.

IJ: October 8th at eight o'clock.

TM: Looks good, Your Honor.

IJ: Hearing is adjourned to October 8th, 2003, at eight o'clock and [UI].

End of hearing.